IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Alieu Sheriff, individually, and Zuliatu A. Sesay <br><br> Plaintiffs <br><br> vs. <br><br> FOUR COUSINS BURGERS AND FRIES OF NH, LLC, D/B/A FIVE GUYS <br><br> Defendant | Civil Action No. <br> <u>Jury Trial Demanded</u> |

## PLAINTIFF'S ORIGINAL COMPLAINT

Alieu Sheriff, individually and Zuliatu A. Sesay file Plaintiff's Original Complaint against Four Cousins Burgers and Fries of NH, LLC, d/b/a Five Guys, its officers, agents, employees, and representatives (Defendant) and would respectfully show the court the following:

### PARTIES, JURISDICTION

1. The plaintiff Alieu Sheriff is a citizen of Massachusetts and resides at 605 Truman Man Highway, Apt. C13, Hyde Park, MA 02136

2. The plaintiff Zuliatu A. Sesay is the wife of Alieu Sheriff and also resides at 605 Truman Man Highway, Apt. C13, Hyde Park, MA 02136

1

3. The Defendant Four Cousins Burger and Fries of NH, LLC, d/b/a Five Guys, is a limited liability company registered in the State of New York, at 173 Whippoorwill Road, Hillside, NY, 12529 and does business in the State of New Hampshire at 120 Laconia Rd. Suite 510, Tilton, NH.

4. The amount in controversy is in excess of $75,000.00

5. This Court has jurisdiction pursuant to 28 U.S.C. §1332(a), diversity of citizenship.

## FACTS

6. On September 7, 2018 the plaintiff Alieu Sheriff was employed by Reinhart Food Service, LLC, which supplies food products to the defendant for use in its business.

7. The plaintiff's job was to drive a truck and deliver food products to customers of Reinhart.

8. On September 7, 2018, the plaintiff was scheduled to drive to the defendant's location in Tilton and deliver food products there.

9. The plaintiff was scheduled to arrive very early in the morning, and for that reason had been provided with keys to the defendant's building, which would be locked.

10. The plaintiff had made similar deliveries on previous occasions, without incident.

11. The defendant was at all times as described herein acting through individuals who were its agents and employees.

12. The defendant was aware of the plaintiffs scheduled delivery, and its approximate time.

13. When the plaintiff arrived at the defendant's building, he unlocked the door and entered, looking down and reaching for his hand held computer in his belt as he did so, to confirm his arrival.

14. When the plaintiff looked up, he found himself face to face with a man pointing a gun at him, and another carrying what appeared to be a machete.

15. These two men were employees and/or agents of the defendant.

16. The plaintiff realized that if he had not looked up when he did, he would have been attacked, in the belief that he was reaching for a weapon.

17. The plaintiff explained who he was and the purpose of his visit, and then was allowed to finish his delivery.

18. The plaintiff finished his route that day but has been unable to work since.

19. The plaintiff was born in Sierra Leone, and as a young boy witnessed the brutal murder of his father and two uncles with guns and machetes, by anti-government rebels.

20. The plaintiff was able to emigrate to the United States and has become a U.S. citizen and has been gainfully employed, with a family of three children, for many years.

21. The shock and trauma of his encounter with the two employees of the defendant has caused the re-emergence of the plaintiff's childhood trauma, resulting in severe post traumatic stress disorder.

## NEGLIGENCE

22. The allegations of paragraphs 1-21 are incorporated herein by reference.

23. The defendant owed a duty to those lawfully entering its premises, including delivery persons like the plaintiff to use due care to keep its premises free of hazards, including persons with dangerous weapons, or to warn those entering the premises of the presence of said hazards.

24. The defendant also owed a duty to use due care in the supervision, training, and instruction provided to its employees and agents, to make them aware of scheduled visits by vendors and others with lawful access to its premises, to prevent them from alarming or harming said visitors.

25. The defendant breached these duties and otherwise failed to act as a reasonably prudent property owner and employer.

26. The defendant's employees and or agents, who were on the premises at the time in question, also owed a duty of due care, to refrain from carrying and displaying dangerous and frightening appearing weapons without any provocation and/or without taking reasonable steps to investigate the plaintiff's identity and purpose for being the defendant's property.

## CAUSATION

27. The allegations in paragraphs 1-26 are incorporated herein by reference.

28. It was or should have been reasonably foreseeable to the defendant and its employees and agents that a person such as the plaintiff who was allowed and required to lawfully enter its premises in the late night, early morning hours would suffer harm as a result of unexpectedly and suddenly encountering two armed men, with their weapons directed at him.

29. The defendant's conduct did cause great emotional and physical harm to the plaintiff's mind and body, which continues and is likely to be permanent.

30. The defendant's conduct has also caused the plaintiff financial harm, due to his need for medical and psychiatric care and his inability to work.

## LOSS OF CONSORTIUM

31. The allegations of paragraphs 1-30 are incorporated herein by reference.

32. At all relevant times the plaintiff Zuliatu A. Sesay has been married to the plaintiff Alieu Sheriff.

33. As a result of the defendant's breaches as aforesaid, and the resulting harm to the plaintiff Alieu Sheriff, the plaintiff Zuliatu A. Sesay has been deprived of her husband's love, companionship, affection and other elements of the right of consortium.

WHEREFORE, the plaintiffs request a jury trial, and seek damages as allowed under the laws of the State of New Hampshire, including interest and costs.

        Respectfully Submitted,
        Alieu Sheriff and Zuliatu A. Sesay,

        By Their Counsel,

        /s/ Leslie C. Nixon
        Leslie C. Nixon
        The Nixon Law Firm, PLLC
        New Hampshire State Bar No: 1880
        77 Central St.
        Manchester, NH 03101
        Telephone: (603)669-7070
        E-mail: LNixon@davenixonlaw.com